

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00877-CR

Antonio **AVILES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR7244
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  August 6, 2014

REVERSED AND REMANDED

On original submission, this court held the trial court did not err in denying appellant Antonio Aviles's motion to suppress the blood specimen drawn pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code. *Aviles v. State*, 385 S.W.3d 110, 116 (Tex. App.—San Antonio 2012), *vacated*, 134 S.Ct. 902 (2014). Relying upon *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002), we held section 724.012(b)(3)(B) permits a police officer to take a blood specimen from DWI suspect without a warrant if the officer has credible

information that the suspect has been previously convicted on at least two prior occasions of DWI. *Id.*

Aviles sought review in the Texas Court of Criminal Appeals, but that court refused his petition. Thereafter, Aviles filed a petition for writ of certiorari in the United States Supreme Court. The Supreme Court granted the petition, vacated our judgment, and remanded the matter to us for further consideration in light of the Court's opinion in *Missouri v. McNeely*, 133 S.Ct. 1552 (2013). *Aviles v. Texas*, 134 S.Ct. 902, 902 (2014). After reviewing the denial of the motion to suppress in light of *McNeely*, we reverse the trial court's judgment and remand the matter to the trial court for a new trial.

## BACKGROUND

Aviles was arrested for DWI. Prior to trial, Aviles filed a motion to suppress the blood specimen taken without a warrant. At the hearing on the motion, the State presented one witness, the arresting officer, Joe Rios.

At the hearing, Officer Rios testified that on the night of the arrest, he saw a pickup truck veer across several lane markers. As he neared the truck, it again crossed the lane markers, veering into his lane. Because of the driver's erratic handling of the truck, Officer Rios suspected the driver was intoxicated. Accordingly, the officer stopped the vehicle.

After he pulled the vehicle over and made contact with the driver, later identified as Aviles, Officer Rios noticed Aviles had bloodshot eyes, slurred speech, and was unsteady on his feet when he exited the truck. The officer asked Aviles to perform three standardized field sobriety tests — the horizontal gaze nystagmus ("HGN"), the walk-and-turn, and the one-leg-stand. Aviles complied and Officer Rios testified Aviles exhibited signs of intoxication on each test. Based on his erratic driving, appearance, and performance on the three field sobriety tests, Officer Rios arrested Aviles for DWI.

After the arrest, the officer used his mobile laptop to determine if Aviles had prior offenses. He discovered Aviles had two prior DWI convictions. Officer Rios asked Aviles if he would voluntarily give a breath or blood sample. When Aviles declined, Officer Rios, relying on section 724.012 of the Texas Transportation Code, took Aviles to a nurse assigned to the City of San Antonio magistrate's office and required him to give a blood sample. Section 724.012(b)(3)(B) states: "[a] peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances . . . [for example, if] at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person[,] on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04 [DWI] . . . Penal Code." TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). The blood specimen showed Aviles was legally intoxicated.

After hearing the evidence, the trial court denied Aviles's motion to suppress. Thereafter, Aviles pled nolo contendere to the charge of DWI and was sentenced to two years' confinement. Aviles appealed, contending the trial court erred in denying his motion to suppress.

As noted above, in the original appeal to this court, we affirmed the trial court's judgment, holding the mandatory blood draw, taken without a warrant, was proper under section 724.012(b)(3)(B) of the Transportation Code. *Aviles*, 385 S.W.3d at 116. The Texas Court of Criminal Appeals refused Aviles's petition, but the Supreme Court granted the petition and vacated our judgment, remanding the matter back to us for reconsideration in light of the Court's decision in *McNeely*. *Aviles*, 134 S.Ct. at 902.

## ANALYSIS

We permitted the parties to file amended briefs on remand. In his amended brief, Aviles contends that based on the Court's decision in *McNeely*, the trial court erred in denying his motion to suppress because per se exceptions to the Fourth Amendment's warrant requirement are

impermissible. The State counters, arguing *McNeely* does not require a reversal in this case because it was a very narrow decision that merely held the natural dissipation of alcohol does not create a per se exigency in all DWI cases. Based on our prior decision in *Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299 (Tex. App.—San Antonio May 14, 2014, pet. filed), we agree with Aviles.

### Standard of Review

Appellate courts review trial court rulings on motions to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). With regard to a determination of historical facts, we afford great deference to a trial court's determination. *Id.* This is because trial judges are uniquely situated to observe the demeanor and appearance of any witnesses. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). As the sole fact finder at a suppression hearing, a trial court may believe or disbelieve any portion of a witness's testimony and make reasonable inferences from the evidence presented. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). However, whether a specific search or seizure is reasonable or supported by probable cause is a question of law subject to de novo review. *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006).

### Application

After the Supreme Court vacated our prior decision and remanded the matter back to this court, this court decided *Weems*. In *Weems*, we specifically considered the effect the Supreme Court's decision to remand *Aviles* in light of *McNeely* had on our holding in *Aviles* that a warrantless blood draw of a DWI suspect, which was conducted pursuant to the provisions of section 724.012(b)(3)(B), did not violate the defendant's rights under the Fourth Amendment. 2014 WL 2532299, at *7. After reviewing numerous Texas cases considering *McNeely's* effect on section 724.012(b)(3)(B) — the mandatory blood draw statute — and the similar implied

consent statute found in section 724.011 of the Transportation Code,[1] we held that neither the mandatory blood draw statute nor the implied consent statute were exceptions to the Fourth Amendment's warrant requirement.[2]  *Id.* at *8.  We considered the State's suggestion that we should balance the public and private interests implicated in serious DWI cases and hold the mandatory blood draw statute is a reasonable substitution for the warrant requirement.  *Id.*  We declined the State's suggestion, holding that *McNeely* "clearly proscribed what it labeled categorical or per se rules for warrantless blood testing, emphasizing over and over again that the reasonableness of a search must be judged based on the totality of the circumstances presented in each case."  *Id.* (citing *McNeely*, 133 S.Ct. at 1560–63).

Looking at the mandatory blood draw statute and the implied consent statute, we held in *Weems* these statutes clearly create categorical or per se rules the *McNeely* court held were not permissible exceptions to the Fourth Amendment's warrant requirement.  *Weems*, 2014 WL 2532299, at *8; *see* TEX. TRANSP. CODE ANN. §§ 724.011(a), 724.012(b)(3)(B).  We concluded that because the statutes "do not take into account the totality of the circumstances present in each case, but only consider certain facts," an approach rejected in *McNeely*, the statutes were not substitutes for a warrant or legal exceptions to the Fourth Amendment warrant requirement.  *Id.*

In this case, as in *Weems*, the State urges us to adopt a balancing test — balancing the public interests (public safety on roads and DWI enforcement) and the defendant's "minimal" privacy interests — in DWI cases wherein the defendant has been convicted of two or more prior DWIs.  This is the same approach we specifically rejected in *Weems*.  *See* 2014 WL 2532299, at

---

[1] Section 724.011(a) states that if a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place while intoxicated, the person is deemed to have impliedly consented to the taking of a breath or blood specimen.  TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011).

[2] This court did not hold in *Weems*, and does not now hold, that sections 724.011(a) and 724.012(b)(3)(B) are unconstitutional.  Rather, we merely held that under *McNeely*, these provisions did not create per se exceptions to the Fourth Amendment's warrant requirement.  The statutes may, in fact, be used for other purposes.

*8. The State also suggests that statutes such as the implied consent and mandatory blood draw statutes are permissible exceptions to the warrant requirement because they are searches pursuant to reasonable statutes or regulations. We hold this flies in the face of *McNeely's* repeated mandate that courts must consider the *totality* of the circumstances of each case. 133 S.Ct. 1560–63. Thus, we reject the State's suggested balancing and regulatory approach.

It is undisputed that Officer Rios did not obtain a warrant prior to requiring Aviles to submit to a blood draw. Once Aviles established the absence of a warrant, it was incumbent upon the State to prove the warrantless blood draw was reasonable under the totality of the circumstances. *See Amador*, 221 S.W.3d at 666, 672–73. The State may satisfy this burden by proving the existence of an exception to the warrant requirement. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). Here the only exception to the warrant requirement proposed by the State was section 724.012(b)(3)(B), the mandatory blood draw statute. Because this is not a permissible exception to the warrant requirement, and the State has not argued or established a proper exception to the Fourth Amendment's warrant requirement, we hold the blood draw violated Aviles's rights under the Fourth Amendment, i.e., the blood draw was an unconstitutional search and seizure.

## CONCLUSION

Based on the foregoing, we hold the warrantless blood draw violated Aviles's rights under the Fourth Amendment. Therefore, the trial court erred in denying his motion to suppress. We sustain Aviles's complaint and reverse the trial court's judgment and remand this matter for a new trial in accordance with this court's opinion.

Marialyn Barnard, Justice

Publish