# NO. 12-14-00086-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICKY ARNOLD WELCH,*<br>*APPELLANT* | § | *APPEAL FROM THE 4TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RUSK COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ricky Arnold Welch appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for three years. In one issue, Appellant argues that the trial court erred in denying his motion to suppress. We reverse and remand.

## BACKGROUND

On July 21, 2013, Appellant was arrested for driving while intoxicated (DWI). Thereafter, Appellant was compelled to submit to a warrantless blood draw pursuant to the implied consent provisions of Texas Transportation Code, section 724.

Appellant was charged by indictment with felony DWI. The indictment further alleged that Appellant had two prior DWI convictions. Appellant filed a pretrial motion to suppress the results of the mandatory blood draw pursuant to the United States Supreme Court's holding in ***Missouri v. McNeely***, 133 S. Ct 1552, 185 L. Ed. 2d 696 (2013).[1] At the hearing on his motion to suppress, Appellant testified that he was told his blood would be drawn "whether [he] like[d] it or not." Appellant further testified that he believed he had no choice but to consent to the

---

[1] In ***McNeely***, the Court held that the natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk driving cases. *See **id.***, 133 S. Ct. at 1563, 1568. Instead, consistent with general Fourth Amendment principles, exigency in this context must be determined case by case based on the totality of the circumstances. *See **id.***, 133 S. Ct. at 1563.

blood draw.  No further evidence was presented during the hearing, and the trial court overruled Appellant's motion.

Immediately thereafter, pursuant to a plea agreement with the State, Appellant pleaded "guilty" as charged.  The arresting officer's report was admitted into evidence.  In the report, the officer states that Appellant agreed to provide a blood specimen.  The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for three years.  This appeal followed.

<u>**MOTION TO SUPPRESS**</u>

In his sole issue, Appellant argues that the trial court erred in overruling his motion to suppress in light of the Supreme Court's decision in *McNeely*.

**<u>Standard of Review and Governing Law</u>**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard.  *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor.  *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility.  *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Accordingly, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony.  *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  However, a trial court has no discretion in determining what the law is or applying the law to the facts.  *State v. Kurtz*, 152 S.W .3d 72, 81 (Tex. Crim. App. 2004).  Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion.  *Id.*

When, as here, the trial court fails to file findings of fact in support of its ruling at a suppression hearing, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.  *Ross*, 32 S.W.3d at 855; *see State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011).  Therefore, the prevailing party is entitled to "the

strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." ***Castleberry***, 332 S.W.3d at 465. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold its ruling on a motion to suppress if that ruling is supported by the record and is correct under any theory of law applicable to the case. ***Ross***, 32 S.W.3d at 856; ***Carmouche***, 10 S.W.3d at 327; ***State v. Ballard***, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); ***Maysonet v. State***, 91 S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref'd).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. The Supreme Court has held that a warrantless search of the person is reasonable only if it falls within a recognized exception. *See, e.g.*, ***McNeely***, 133 S. Ct. at 1558. Exigent circumstances is one such well-recognized exception. *See id.*

Texas Transportation Code, section 724, states, in pertinent part, as follows:

> If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place . . . while intoxicated, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration. . . .

TEX. TRANSP. CODE ANN. § 724.011(a) (West 2011). This implied consent provision applies to a person, who at the time of his arrest, is believed by the arresting officer based on reliable information from a credible source, to have been previously convicted of or placed on community supervision for DWI on two or more occasions. *See id.* § 724.012(3) (West 2011).

**Warrantless Blood Draw Pursuant to Texas Transportation Code, Section 724**

We recently addressed an issue similar to Appellant's sole issue in ***Gentry v. State***.[2] There, we considered the analyses of several of our sister courts of appeals and likewise held that (1) the implied consent and mandatory blood draw statutory schemes found in the transportation code are not exceptions to the warrant requirement under the Fourth Amendment and (2) to be authorized, the state's warrantless blood draw must be based on a well-recognized exception to

---

[2] *See generally* ***Gentry v. State***, No. 12-13-00168-CR (Tex. App.–Tyler Aug. 27, 2014, no pet. h.) (mem. op., not designated for publication), available at http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersion ID=6ba12608-6bdc-4c61-98d7-85d3b967b4a2&coa=coa12&DT=Opinion&MediaID=1af76c06-9313-4c5f-ba4f-4d55b75ad4b4.

the Fourth Amendment. *See id.*, slip op. at 5–6 (citing *Aviles v. State*, No. 04-11-00877-CR, 2014 WL 3843756, at *2–3 (Tex. App.–San Antonio Aug. 6, 2014, pet. filed) (op., not designated for publication); *State v. Ballard*, No. 11-13-00224-CR, 2014 WL 3865815, at *3 (Tex. App.–Eastland July 31, 2014, no pet. h.) (mem op., not designated for publication); *Weems v. State*, No. 04-13-00366-CR, 2014 WL 2532299, at *8 (Tex. App.–San Antonio May 14, 2014, pet. filed) (op., not designated for publication); *Sutherland v. State*, No. 07-12-00289-CR, 2014 WL 1370118, at *1–2 (Tex. App.–Amarillo Apr. 7, 2014, pet. filed) (op., not designated for publication); *State v. Villarreal*, No. 13–13–00253–CR, 2014 WL 1257150, at *11 (Tex. App.–Corpus Christi Jan. 23, 2014, pet. granted) (op., not designated for publication); *see also Aviles v. Texas*, 134 S. Ct. 902, 187 L. Ed. 2d 767 (2014).

We note that Appellant's testimony and the later introduced officer's report indicate that Appellant gave permission to have his blood drawn. The voluntariness of a person's consent is a question of fact that the state must prove by clear and convincing evidence. *Valtierra v. State*, 310 S.W.3d 442, 448 (Tex. Crim. App. 2010). A trial court's finding of voluntary consent is reviewed for abuse of discretion, and a trial court's finding of voluntariness must be accepted on appeal unless it is clearly erroneous. *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011); *Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). Voluntariness is determined by analyzing the totality of the circumstances of the situation from the view of an objectively reasonable person. *Tucker v. State*, 369 S.W.3d 179, 185 (Tex. Crim. App. 2012).

Here, the only evidence in the record concerning the specific circumstances surrounding Appellant's consenting to the blood draw is Appellant's testimony that he was told that his blood would be drawn "whether [he] like[d] it or not" and that he believed he had no choice but to consent. *See Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000) (consent is not established by "showing no more than acquiescence to a claim of lawful authority") (citing *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968)). The officer's report merely states that he requested a blood specimen from Appellant and Appellant agreed to provide one. While this statement is evidence that Appellant agreed to provide a blood specimen, it does not speak to the surrounding circumstances concerning whether this consent was voluntarily given. Based on our review of the record, we conclude that the State failed to meet its burden of proving by clear and convincing evidence that Appellant's

4

consent was voluntarily given. We further hold that, based on the totality of the circumstances, the trial court's implied finding of voluntary consent is clearly erroneous.

In sum, the State relied solely on Section 724 and offered no evidence or argument pertaining to any other recognized exception to the Fourth Amendment that would have permitted it to have Appellant's blood drawn without a warrant.[3] Therefore, we hold that the trial court abused its discretion in denying Appellant's motion to suppress. *See Gentry*, slip op. at 5--6.

**Harm Analysis**

Having concluded that the trial court abused its discretion, we must now consider whether Appellant was harmed as the result of this error. The admission of evidence obtained in violation of the Fourth Amendment is subject to constitutional harm analysis pursuant to Texas Rule of Appellate Procedure 44.2(a). *See Hernandez v. State*, 60 S.W.3d 106, 106 (Tex. Crim. App. 2001). If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, we must reverse the judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *See* TEX. R. APP. P. 44.2(a). The harmless error inquiry under Rule 44.2(a) should adhere strictly to the question of whether the error committed in a particular case contributed to the verdict obtained in that case. *Snowden v. State*, 353 S.W.3d 817, 821 (Tex. Crim. App. 2011).

We first consider whether the trial court's admission of the blood test evidence contributed to Appellant's decision to plead "guilty." *See, e.g.*, *Holmes v. State*, 323 S.W.3d 163, 173–74 (Tex. Crim. App. 2010). Based on our review of the reporter's record of the plea hearing, we note that Appellant pleaded "guilty" based upon a plea agreement with the State, but expressed his desire to preserve his right to appeal the trial court's ruling on his motion to suppress. Based on our review of the record, we cannot conclude beyond a reasonable doubt that the trial court's failure to suppress the blood test evidence did not influence Appellant's decision to plead "guilty." Therefore, we hold that Appellant was harmed by the trial court's erroneous ruling on his motion to suppress.

---

[3] On appeal, the State argues that certain exigent circumstances supported the warrantless blood draw. However, the State declined to cite to the record where evidence could be found in support of the examples listed in its brief. And, during our review of the record, we were unable to locate evidence supporting the existence of these exigent circumstances.

Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we *reverse* the trial court's judgment and *remand* the cause for further proceedings consistent with this opinion.

SAM GRIFFITH
Justice

Opinion delivered August 29, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 29, 2014**

**NO. 12-14-00086-CR**

**RICKY ARNOLD WELCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 4th District Court

of Rusk County, Texas (Tr.Ct.No. CR13-319)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*