

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00764-CR

Dorothy **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2599
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

REVERSED AND REMANDED

After the trial court denied Dorothy Martinez's motion to suppress, she entered into a plea agreement with the State. Martinez pled no contest to one count of operating a motor vehicle while intoxicated with a child passenger, and the trial court imposed sentence pursuant to the plea agreement. On appeal, Martinez argues the trial court erred in denying her motion to suppress evidence obtained from a warrantless blood draw. We agree with Martinez and therefore reverse the judgment and remand the case for a new trial.

**BACKGROUND**

San Antonio Police Officer Carlos Ortiz testified at the hearing on the motion to suppress that he was on patrol the evening of December 1, 2012. At around 7:20 p.m., he saw Martinez commit several traffic violations and he initiated a traffic stop. Officer Ortiz immediately saw that there were three unbelted young children in the back seat and an open beer container in the center console of the car. Officer Ortiz testified Martinez was slow to respond, had a slight smell of intoxicants on her breath, and her eyes were glassy. Officer Ortiz called his partner Officer Humberto Rios for assistance in conducting a DWI examination.

Officer Rios asked Martinez to get out of the car. He testified that Martinez told him she had consumed five beers and admitted the open can of beer in the car belonged to her. She told him she had started drinking several hours earlier and stopped drinking when Officer Ortiz pulled her over. He testified he performed the standard field sobriety tests on Martinez and concluded that she was impaired. At that time he decided to arrest her for driving while intoxicated with passengers under the age of fifteen.[1]

When Officer Rios and Martinez arrived at the magistrate's office, Officer Rios asked if she would voluntarily provide a specimen of her breath or blood and she refused. Officer Rios told Martinez he was going to take a blood specimen regardless of her consent, and testified he was authorized to do so by section 724.012 of the Transportation Code. On cross-examination, Officer Rios testified that when a person arrested for driving while intoxicated refuses to provide a breath or blood specimen, department policy is for the officer to prepare a warrant affidavit, take it to an assistant district attorney, and then present it to the magistrate, who issues a warrant. Officer Rios testified this is something he does on a regular basis and the procedures are set up so

---

[1] The children were released to another adult who had been in the car with Martinez.

that a warrant may be obtained fairly quickly. He testified he has obtained more than one hundred such warrants and, depending on how busy it is, it generally takes between thirty minutes and one hour. Officer Rios testified that in none of those cases has the arrestee "become unintoxicated" during the time it took to obtain a warrant. Officer Rios testified that he could have obtained a warrant in this case, but did not do so because, due to the offense Martinez was being charged with, "it's automatically a blood draw." Officer Rios testified there were no circumstances in this case that caused him to fear that obtaining a warrant would take too long and might result in the specimen not accurately showing the alcohol in Martinez's system.

At the conclusion of the hearing, the State argued that the following facts showed exigent circumstances justifying the warrantless blood draw: that there were three young children in the car; that one hour and twenty-five minutes elapsed between the stop and the time Martinez's blood was drawn; and that it would have taken thirty minutes to an hour more for Officer Rios to obtain a warrant. The State argued alternatively that the warrantless blood draw is authorized by section 724.012(b)(2) of the Transportation Code and that Officer Rios acted in good faith in reliance on the statute. The trial court denied the motion to suppress.

## DISCUSSION

Section 724.012(b)(2) of the Transportation Code provides that a peace officer "shall require the taking of a specimen of the person's breath or blood" if the officer arrests the person for an offense under section 49.045 of the Penal Code and the person refuses to voluntarily submit to the taking of a specimen. TEX. TRANSP. CODE ANN. § 724.012(b)(2) (West 2011). Section 49.045 of the Penal Code provides it is a state jail felony offense to operate a vehicle in a public place while intoxicated with a passenger who is younger than fifteen. TEX. PENAL CODE ANN. § 49.045 (West 2011).

Martinez contends that obtaining a specimen of her blood without a warrant violated her rights under the Fourth Amendment to the United States Constitution. She argues the court erred in denying her motion to suppress because she did not consent to the draw, there were not exigent circumstances or any other valid exception to the warrant requirement present, and section 724.012(b)(2) of the Transportation Code is not a constitutional exception to the Fourth Amendment warrant requirement. The State's brief does not discuss any of the facts of this case and does not argue that any well-recognized exception to the warrant requirement applies in this case. The State's brief is identical to the brief it filed in this court on remand in *Aviles v. State*, No. 04-11-00877-CR, 2014 WL 3843756 (Tex. App.—San Antonio Aug. 6, 2014, pet. filed), and argues that a warrantless, nonconsensual blood draw taken solely on the authority of section 724.012(b)(2) is constitutional, even in the absence of exigent circumstances.

In *Weems v. State*, 434 S.W.3d 655 (Tex. App.—San Antonio 2014, pet. granted), we held Texas's implied consent and mandatory blood draw statutes fail to consider the totality of the circumstances present in each case and create categorical or per se exceptions to the Fourth Amendment warrant requirement that the United States Supreme Court rejected in *Missouri v. McNeely*, 133 S.Ct. 1552 (2013). *Weems*, 434 S.W.3d at 665-66; *see* TEX. TRANSP. CODE ANN. §§ 724.011(a), 724.012(b)(2), 724.013 (2011). We concluded that section 724.012(b) is not a valid exception to the Fourth Amendment's warrant requirement, and that a warrantless blood draw must be based on a well-recognized exception to the Fourth Amendment. *Weems*, 434 S.W.3d at 665. For the reasons we expressed in *Weems* and *Aviles*, we hold section 724.012(b)(2) is not a valid exception to the Fourth Amendment warrant requirement, and results of a nonconsensual blood draw obtained without a warrant may not be admitted based solely on the statute or on the officer's "good faith" reliance on the statute. *See Aviles*, 2014 WL 3843756, at *2-3; *Weems*, 434 S.W.3d at 665-67. We hold the State did not establish exigent circumstances or any other valid exception

to the warrant requirement, and conclude the blood draw violated Martinez's rights under the Fourth Amendment. The trial court therefore erred in denying her motion to suppress.

Because the erroneous denial of the motion to suppress "contributed in some measure to the State's leverage in the plea bargaining process," we cannot say beyond a reasonable doubt that the trial court's error in denying the motion to suppress did not contribute to Martinez's decision to plead no contest and to her conviction. *See McKenna v. State*, 780 S.W.2d 797, 800 (Tex. Crim. App. 1989); TEX. R. APP. P. 44.2(a).

We therefore reverse the trial court's judgment and remand the case to the trial court for a new trial.

Luz Elena D. Chapa, Justice

Do not publish