

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00101-CR

The **STATE** of Texas,
Appellant

v.

Irma Claudio **GARCIA**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8677
The Honorable Andrew Wyatt Carruthers, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

The State appeals from the trial court's order granting appellee Irma Claudio Garcia's

motion to suppress.  The State contends the trial court erred in granting the motion to suppress

because the Supreme Court's decision in *Missouri v. McNeely*, __ U.S. __, 133 S.Ct. 1552 (2013)

does not require the existence of exigent circumstances before a police office can require a

---

[1] The Honorable Lorina Rummel is the presiding judge of the 144th District Court, Bexar County, Texas.  However, the order granting the motion to suppress which is at issue in this appeal was signed by the Honorable Andrew Wyatt Carruthers, the judge of the Magistrate Court, Bexar County, Texas.

warrantless, nonconsensual blood draw pursuant to section 724.012(b) of the Texas Transportation Code.  We affirm the trial court's order granting the motion to suppress.

## BACKGROUND

A detailed rendition of the facts is unnecessary given the issue and our disposition.  We therefore provide only a brief factual and procedural background.

The record from the hearing on Garcia's motion to suppress establishes that Officer Christopher Dech of the San Antonio Police Department was dispatched to an automobile collision.  When the officer arrived, two individuals told him that a pickup truck driven by Garcia crashed into the back of their vehicle as both vehicles were traveling along the roadway.  Officer Dech testified he smelled a strong odor of alcohol coming from Garcia, and that she had blood shot eyes and was unsteady on her feet.  Garcia admitted to consuming intoxicants at a party.  The office administered the HGN test and noted signs of intoxication.  Thereafter, Officer Dech arrested Garcia and took her to the magistrate's office for booking.

Garcia declined to provide a breath or blood specimen, but according to Officer Dech, she admitted she had two prior DWI convictions from Harris County, Texas.  As a result of these admissions, the officer requested Garcia's criminal history and verified the prior convictions.  Based on the verified, prior convictions, Officer Dech mandated that Garcia provide a blood specimen pursuant to section 724.012(b) of the Transportation Code.  Officer Dech did not obtain a warrant nor did Garcia consent to the blood draw.  There was no evidence presented at the suppression hearing regarding any possible exigent circumstances — or other exception to the warrant requirement — that would have permitted the officer to take the blood draw without first obtaining a warrant.

Garcia was indicted and prior to trial filed a motion to suppress the results of the blood draw, arguing that the Supreme Court's decision in *Missouri v. McNeely* mandated that in the

absence of a warrant, the State demonstrate the existence of exigent circumstances prior to obtaining a nonconsensual blood draw. After hearing the evidence and considering the arguments of counsel, the trial court agreed and granted Garcia's motion to suppress. The State then perfected this appeal.

### ANALYSIS

As noted above, the State contends the Supreme Court's decision in *Missouri v. McNeely* did not require the trial court to grant Garcia's motion to suppress. More specifically, the State contends the Supreme Court's decision does not require the existence of exigent circumstances before a blood draw may be compelled when law enforcement has failed to obtain a warrant or consent. Rather, the State contends section 724.012(b), specifically subsection (3)(B) — which states that an officer shall take a blood draw if a person arrested for DWI has two prior DWI convictions — permits a warrantless blood draw whether exigent circumstances exist or not. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

In several cases, this court analyzed *McNeely* and concluded section 724.012(b) does not constitute a valid exception to the warrant requirement of the Fourth Amendment. *See, e.g., Aviles v. State*, 443 S.W.3d 291, 294 (Tex. App.—San Antonio 2014, pet. filed); *McNeil v. State*, 443 S.W.3d 295, 300 (Tex. App.—San Antonio 2014, pet. filed); *Weems v. State*, 434 S.W.3d 655, 665 (Tex. App.—San Antonio 2014, pet. granted). Moreover, the Texas Court of Criminal Appeals has now addressed the issue, reaching the same conclusion. *See State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014).[2]

---

[2] In *Flores v. State*, 04-13-00754-CR, 2014 WL 7183481, at *2 (Tex. App.—San Antonio Dec. 17, 2014, no pet. h.) (mem. op.) (not designated for publication) (citing *Villarreal*, 2014 WL 6734178, at *2), this court first recognized that the court in *Villarreal* held the provisions in the Texas Transportation Code do not provide a valid exception to the warrant requirement.

In *Villarreal*, the court held the provisions in the Texas Transportation Code — including section 724.012(b) — do not provide a constitutionally valid exception to the warrant requirement of the Fourth Amendment. *Id.* at \*20. The court explained that the *McNeely* holding made it clear that drawing an individual's blood in a DWI case without a warrant "'is reasonable only if it falls within a *recognized* exception' to the warrant requirement." *Id.* (quoting *McNeely*, 133 S.Ct. at 1558) (emphasis added). Accordingly, based on its interpretation of *McNeely*, the court rejected the State's contention that a warrantless, nonconsensual blood draw conducted pursuant to the provisions of the Texas Transportation Code falls under a "recognized" exception to the Fourth Amendment's warrant requirement. *Villarreal*, 2014 WL 6734178, at \*20. The court likewise rejected the State's contention that a search pursuant to the mandates of the Transportation Code could be upheld under a general Fourth Amendment balancing test. *Id.*

Accordingly, based on the analysis and holding in *Villarreal*, as well as the analyses and holdings in our prior opinions, we hold the trial court did not err in granting Garcia's motion to suppress. *See Villarreal*, 2014 WL 6734178, at \*20; *Aviles*, 443 S.W.3d at 294; *McNeil*, 443 S.W.3d at 300; *Weems*, 434 S.W.3d at 665. Contrary to the State's sole assertion, *McNeely* requires the existence of exigent circumstances or some other *recognized* exception to the warrant requirement before a police officer can order a warrantless, nonconsensual blood draw pursuant to the provisions of the Texas Transportation Code, including section 724.012(b). *See Villarreal*, 2014 WL 6734178, at \*20 (quoting *McNeely*, 133 S.Ct. at 1558) (emphasis added). Here, the State did not attempt to establish a recognized exception to the warrant requirement of the Fourth Amendment, relying only on section 724.012(b). We therefore overrule the State's issue and affirm the trial court's order.

Marialyn Barnard, Justice

Publish