PD-0233-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/27/2015 2:05:32 PM
Accepted 3/2/2015 11:21:31 AM
ABEL ACOSTA
CLERK

**No. PD-_____-14**

IN THE

# COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

March 2, 2015

ABEL ACOSTA, CLERK

STATE OF TEXAS,
   *Appellant-Petitioner*

*v.*

IRMA CLAUDIA GARCIA
   *Appellee-Respondent*

On the State's petition for discretionary review from
The Fourth Court of Appeals, San Antonio, Texas
Appellate Cause No. 04-14-00101-CR

Tried in the 144th Judicial District Court, Bexar County, Texas
Trial Cause No. 2012-CR-8677

## STATE'S PETITION FOR DISCRETIONARY REVIEW

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
CRIMINAL DISTRICT ATTORNEY'S OFFICE
Bexar County, Texas
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

## IDENTITY OF THE PARTIES AND COUNSEL

The parties to the suit are as follows:

Defendant/Appellee/Respondent
**Irma Claudia Garcia**

Counsel for Defendant/Appellee/Respondent
**Adam Crawshaw** – counsel at trial and appeal
**Hallye Casey Braud** – counsel on appeal
Attorneys at Law
San Antonio, Texas

State of Texas
**Nathan E. Morey** – counsel on appeal and discretionary review
**Melissa Saenz** – counsel at trial
Assistant Criminal District Attorneys
Bexar County, Texas

Trial Judge
**Honorable Andrew Carruthers**
Criminal Law Magistrate
Bexar County, Texas

Court of Appeals Panel
**Honorable Sandee Bryan Marion, Chief Justice**
**Honorable Karen Angelini, Justice**
**Honorable Marialyn Barnard, Justice** (author of the opinion)
Fourth Court of Appeals District of Texas
San Antonio, Texas

## TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL ................................................................ ii

TABLE OF CONTENTS ........................................................................................ iii

INDEX OF AUTHORITIES....................................................................................... iv

STATEMENT OF THE CASE .....................................................................................v

STATEMENT OF PROCEDURAL HISTORY ................................................................. vi

GROUNDS FOR REVIEW ........................................................................................1

**Sole Ground:** Is a warrantless, nonconsensual blood draw administered in compliance with Transportation Code section 724.012(b)(3)(B) reasonable under the Fourth Amendment?................................................................1

ARGUMENT ........................................................................................................2

PRAYER FOR RELIEF............................................................................................3

CERTIFICATE OF SERVICE......................................................................................4

CERTIFICATE OF COMPLIANCE ..............................................................................5

APPENDIX A: Court of Appeals' Opinion.................................................................A

APPENDIX B: Order Denying Rehearing ................................................................B

# INDEX OF AUTHORITIES

**Statutes:**

TEX. PENAL CODE § 49.09(b)(2) .............................................................. vi

TEX. TRANSP. CODE § 724.012(b)(3)(B) ...................................................2

**Cases:**

*Holidy v. State*,
    No. PD-0622-14 .................................................................................2

*Missouri v. McNeely*,
    133 S. Ct. 1552 (2013) .....................................................................2

*Reeder v. State*,
    No. PD-0601-14 .................................................................................2

*Smith v. State*,
    No. PD-1615-14 .................................................................................2

*State v. Garcia*,
    No. 04-14-00101-CR, 2015 Tex. App. LEXIS 1022
    (Tex. App.—San Antonio Feb. 4, 2015, pet. filed) .................................. vi, 2, 3

*State v. Villarreal*,
    No. PD-0306-14 .................................................................................2

**Rules:**

TEX. R. APP. P.  6.3(a) ..............................................................................4

TEX. R. APP. P.  9.4(i)(3) ...........................................................................5

TEX. R. APP. P.  9.5(b) ..............................................................................4

TEX. R. APP. P. 68.1 ............................................................................... vi

TEX. R. APP. P. 68.11 ...............................................................................4

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Now comes the State of Texas, by and through Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and the undersigned assistant criminal district attorney, with the filing of the following petition for discretionary review:

## STATEMENT OF THE CASE

Irma Claudia Garcia, hereinafter referred to as Appellee, was arrested for the offense of driving while intoxicated. The arresting officer ordered her to submit to a warrantless blood draw pursuant to Texas Transportation Code section 724.012(b) because Appellee refused to provide a specimen of breath and because the officer discovered that she had two prior convictions for DWI. The trial court granted Appellee's motion to suppress the results of the blood draw on the ground that the warrantless blood draw was not supported by exigent circumstances. The Fourth Court of Appeals held that section 724.012(b) does not allow for a warrantless, nonconsensual blood draw absent exigent circumstances.

## STATEMENT OF PROCEDURAL HISTORY

A grand jury indicted Appellant for the felony offense of driving while intoxicated (C.R. at 19). *See* TEX. PENAL CODE § 49.09(b)(2). The State appealed the trial court's order suppressing the results of a blood draw (C.R. at 37, 42-44). *See* TEX. CODE CRIM. PROC. art. 44.01(a)(5). The Fourth Court of Appeals issued a published opinion affirming the trial court's order. *State v. Garcia*, No. 04-14-00101-CR, 2015 Tex. App. LEXIS 1022 (Tex. App.—San Antonio Feb. 4, 2015, pet. filed). The court of appeals denied the State's motion for rehearing on February 23, 2015 (Appendix B). The State now petitions this Court to review the opinion and judgment of the court of appeals. *See* TEX. R. APP. P. 68.1.

## GROUNDS FOR REVIEW

**Sole Ground:**   Is a warrantless, nonconsensual blood draw administered in compliance with Transportation Code section 724.012(b)(3)(B) reasonable under the Fourth Amendment?

## ARGUMENT

The court of appeals concluded that a blood draw administered pursuant to the Transportation Code was not a reasonable search under the Fourth Amendment because it did not qualify under any previously recognized exception. *Garcia*, at *3–4. The State continues to insist that the holding in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), does not affect the reasonableness of a search administered on a person with prior convictions for DWI—regardless of a warrant or consent. *See* TEX. TRANSP. CODE § 724.012(b)(3)(B).

This petition raises the same ground for review that has previously been raised by petitions in *State v. Villarreal*, No. PD-0306-14; *Reeder v. State*, No. PD-0601-14; *Holidy v. State*, No. PD-0622-14; and *Smith v. State*, No. PD-1615-14— all of which have been granted by this Court. Each of these cases concern the impact of the Supreme Court's holding in *McNeely* on those drunk-driving investigation with suspects who have prior convictions for DWI. This Court recently granted rehearing in *Villarreal* on February 25, 2015—only a few days after the court of appeals denied the State's motion for rehearing in the present case.

This case does not contain any material factual disputes; the issue at every stage has been whether the statute permits reasonable searches under the Fourth Amendment (Jan. 16, 2014 R.R. at 4–22). The court of appeals, in a published

opinion, decided that it did not. *Garcia*, at *3–4. The State has nothing to say that has not already been said in previous briefs and petitions. There being no material distinction between these cases, the State respectfully asks this Court to dispose of this petition in a manner consistent with the petitions in *Villarreal*, *Reeder*, *Holidy*, and *Smith* once those cases have been finally decided and a mandate issued.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant-Petitioner State prays the Court grant the State's petition for discretionary review and dispose of this case in a manner consistent with its dispositions in *Villarreal*, No. PD-0306-14; *Reeder*, No. PD-0601-14; *Holidy*, No. PD-0622-14; and *Smith*, No. PD-1615-14.

Respectfully submitted,

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
Bexar County, Texas

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 720
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

3

**CERTIFICATE OF SERVICE**

I, Nathan E. Morey, assistant district attorney for Bexar County, Texas, certify that a copy of the foregoing petition has been delivered by email to Hallye Casey Braud and Lisa McMinn on Friday, February 27, 2015 in accordance with Rules 6.3(a), 9.5(b), and 68.11 of the Texas Rules of Appellate Procedure.

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorney for the State of Texas*

cc: HALLYE CASEY BRAUD
*Attorney at Law*
State Bar No. 24081402
LAW OFFICES OF JAMIE BALAGIA, P.C.
313 South Main Avenue
San Antonio, Texas 78204
Voice: (210) 394-3833
Fax: (210) 271-3833
Email: hallye@dwidude.com
*Attorney for Appellee-Respondent*

LISA MCMINN
*State Prosecuting Attorney*
State Bar No. 13803300
P.O.Box 13046
Austin, Texas 78711
Email: Lisa.McMinn@SPA.texas.gov

4

## CERTIFICATE OF COMPLIANCE

I, Nathan E. Morey, certify that, pursuant to Texas Rules of Appellate Procedure 9.4(i)(2)(D) and 9.4(i)(3), the above petition for discretionary review contains 1,317 words according to the "word count" feature of Microsoft Office.

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorney for the State of Texas*

**APPENDIX A: Court of Appeals' Opinion**



# Fourth Court of Appeals

## San Antonio, Texas

## OPINION

No. 04-14-00101-CR

The **STATE** of Texas,
Appellant

v.

Irma Claudio **GARCIA**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8677
The Honorable Andrew Wyatt Carruthers, Judge Presiding[1]

Opinion by:  Marialyn Barnard, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

The State appeals from the trial court's order granting appellee Irma Claudio Garcia's

motion to suppress.  The State contends the trial court erred in granting the motion to suppress

because the Supreme Court's decision in *Missouri v. McNeely*, __ U.S. __, 133 S.Ct. 1552 (2013)

does not require the existence of exigent circumstances before a police office can require a

---

[1] The Honorable Lorina Rummel is the presiding judge of the 144th District Court, Bexar County, Texas.  However, the order granting the motion to suppress which is at issue in this appeal was signed by the Honorable Andrew Wyatt Carruthers, the judge of the Magistrate Court, Bexar County, Texas.

warrantless, nonconsensual blood draw pursuant to section 724.012(b) of the Texas Transportation Code. We affirm the trial court's order granting the motion to suppress.

## BACKGROUND

A detailed rendition of the facts is unnecessary given the issue and our disposition. We therefore provide only a brief factual and procedural background.

The record from the hearing on Garcia's motion to suppress establishes that Officer Christopher Dech of the San Antonio Police Department was dispatched to an automobile collision. When the officer arrived, two individuals told him that a pickup truck driven by Garcia crashed into the back of their vehicle as both vehicles were traveling along the roadway. Officer Dech testified he smelled a strong odor of alcohol coming from Garcia, and that she had blood shot eyes and was unsteady on her feet. Garcia admitted to consuming intoxicants at a party. The office administered the HGN test and noted signs of intoxication. Thereafter, Officer Dech arrested Garcia and took her to the magistrate's office for booking.

Garcia declined to provide a breath or blood specimen, but according to Officer Dech, she admitted she had two prior DWI convictions from Harris County, Texas. As a result of these admissions, the officer requested Garcia's criminal history and verified the prior convictions. Based on the verified, prior convictions, Officer Dech mandated that Garcia provide a blood specimen pursuant to section 724.012(b) of the Transportation Code. Officer Dech did not obtain a warrant nor did Garcia consent to the blood draw. There was no evidence presented at the suppression hearing regarding any possible exigent circumstances — or other exception to the warrant requirement — that would have permitted the officer to take the blood draw without first obtaining a warrant.

Garcia was indicted and prior to trial filed a motion to suppress the results of the blood draw, arguing that the Supreme Court's decision in *Missouri v. McNeely* mandated that in the

absence of a warrant, the State demonstrate the existence of exigent circumstances prior to obtaining a nonconsensual blood draw. After hearing the evidence and considering the arguments of counsel, the trial court agreed and granted Garcia's motion to suppress. The State then perfected this appeal.

## ANALYSIS

As noted above, the State contends the Supreme Court's decision in *Missouri v. McNeely* did not require the trial court to grant Garcia's motion to suppress. More specifically, the State contends the Supreme Court's decision does not require the existence of exigent circumstances before a blood draw may be compelled when law enforcement has failed to obtain a warrant or consent. Rather, the State contends section 724.012(b), specifically subsection (3)(B) — which states that an officer shall take a blood draw if a person arrested for DWI has two prior DWI convictions — permits a warrantless blood draw whether exigent circumstances exist or not. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

In several cases, this court analyzed *McNeely* and concluded section 724.012(b) does not constitute a valid exception to the warrant requirement of the Fourth Amendment. *See, e.g., Aviles v. State*, 443 S.W.3d 291, 294 (Tex. App.—San Antonio 2014, pet. filed); *McNeil v. State*, 443 S.W.3d 295, 300 (Tex. App.—San Antonio 2014, pet. filed); *Weems v. State*, 434 S.W.3d 655, 665 (Tex. App.—San Antonio 2014, pet. granted). Moreover, the Texas Court of Criminal Appeals has now addressed the issue, reaching the same conclusion. *See State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014).[2]

---

[2] In *Flores v. State*, 04-13-00754-CR, 2014 WL 7183481, at *2 (Tex. App.—San Antonio Dec. 17, 2014, no pet. h.) (mem. op.) (not designated for publication) (citing *Villarreal*, 2014 WL 6734178, at *2), this court first recognized that the court in *Villarreal* held the provisions in the Texas Transportation Code do not provide a valid exception to the warrant requirement.

In *Villarreal*, the court held the provisions in the Texas Transportation Code — including section 724.012(b) — do not provide a constitutionally valid exception to the warrant requirement of the Fourth Amendment. *Id.* at \*20. The court explained that the *McNeely* holding made it clear that drawing an individual's blood in a DWI case without a warrant "'is reasonable only if it falls within a *recognized* exception' to the warrant requirement." *Id.* (quoting *McNeely*, 133 S.Ct. at 1558) (emphasis added). Accordingly, based on its interpretation of *McNeely*, the court rejected the State's contention that a warrantless, nonconsensual blood draw conducted pursuant to the provisions of the Texas Transportation Code falls under a "recognized" exception to the Fourth Amendment's warrant requirement. *Villarreal*, 2014 WL 6734178, at \*20. The court likewise rejected the State's contention that a search pursuant to the mandates of the Transportation Code could be upheld under a general Fourth Amendment balancing test. *Id.*

Accordingly, based on the analysis and holding in *Villarreal*, as well as the analyses and holdings in our prior opinions, we hold the trial court did not err in granting Garcia's motion to suppress. *See Villarreal*, 2014 WL 6734178, at \*20; *Aviles*, 443 S.W.3d at 294; *McNeil*, 443 S.W.3d at 300; *Weems*, 434 S.W.3d at 665. Contrary to the State's sole assertion, *McNeely* requires the existence of exigent circumstances or some other *recognized* exception to the warrant requirement before a police officer can order a warrantless, nonconsensual blood draw pursuant to the provisions of the Texas Transportation Code, including section 724.012(b). *See Villarreal*, 2014 WL 6734178, at \*20 (quoting *McNeely*, 133 S.Ct. at 1558) (emphasis added). Here, the State did not attempt to establish a recognized exception to the warrant requirement of the Fourth Amendment, relying only on section 724.012(b). We therefore overrule the State's issue and affirm the trial court's order.

Marialyn Barnard, Justice

Publish

**APPENDIX B: Order Denying Rehearing**



# Fourth Court of Appeals
## San Antonio, Texas

Monday, February 23, 2015

No. 04-14-00101-CR

The **STATE** of Texas,
Appellant

v.

Irma Claudio **GARCIA**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR8677
The Honorable Andrew Wyatt Carruthers, Judge Presiding

**O R D E R**

Sitting:       Sandy Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

The panel has considered the Appellant's Motion for Rehearing and the motion is DENIED.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of February, 2015.

_____
Keith E. Hottle
Clerk of Court