PD-1118&1119-15

PD-1118&1119-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/26/2015 4:35:09 PM
Accepted 8/28/2015 11:15:54 AM
ABEL ACOSTA
CLERK

**TO THE**
**TEXAS COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS**
\* \* \*

| | | |
|---|---|---|
| **PAUL ANTHONY GARCIA,** | § | |
| **APPELLANT** | § | |
| **V.** | § | **Cause Number 04-14-00389-CR** |
| **THE STATE OF TEXAS,** | § | **Cause Number 04-14-00390-CR** |
| **APPELLEE** | § | |

\* \* \*
**PETITION FOR DISCRETIONARY REVIEW**
**THE STATE OF TEXAS**
\* \* \*

**Appeal from**
**Decision Rendered in the 216th Judicial District Court of**
**Kendall County, Texas**
**Trial Court Cause Number 5397 & 5398**
**Court of Appeals Number 04-14-00389 & 390-CR**

\* \* \*

FILED IN
COURT OF CRIMINAL APPEALS

August 28, 2015

ABEL ACOSTA, CLERK

**E. BRUCE CURRY**
**State Bar Card Number 05268500**
**District Attorney**
**By Steven A. Wadsworth**
**State Bar Card Number 00788596**
**Assistant District Attorney**
**200 Earl Garrett Street, Suite 202**
**Kerrville, Texas 78028**
**830.896.4744 (telephone)**
**830.869.2620 (facsimile)**
**steve216@bizstx.rr.com**

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

• The parties in this case are The State of Texas, who is the Appellant / Petitioner, and Paul Anthony Garcia is the Defendant / Appellee.

• The trial court judge was the Honorable N. Keith Williams.

• Counsel for the State at trial and on appeal is Steven A. Wadsworth, 200 Earl Garrett Street, Suite 202, Kerrville, Texas 78028.

• Trial Counsel for Appellee was Paul J. Goeke, 115 East Travis, Suite 1145, San Antonio, Texas 78205.

• Appellate Counsel for Appellee is M. Patrick Maguire, 945 Barnett Street, Kerrville, Texas 78028.

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number i

**TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES                                                      iv

STATEMENT REGARDING ORAL ARGUMENT                          1

STATEMENT OF THE CASE                                               1-2

STATEMENT OF PROCEDURAL HISTORY                              3

GROUNDS FOR REVIEW:                                                 3-4

    **Number One:**
Is a warrantless, but mandatory, blood-draw conducted in accordance with the requirements of the Texas Transportation Code §724.012(b)(1)(A) & ( C) reasonable under the U.S. CONST., amend. IV?

    **Number Two**:
Did the court of appeals err in holding that Texas Transportation Code §724.012(b)(1)(A) & ( C) did not dispense with a warrant requirement?

    **Number Three:**
Does the federal or state (Tex. Code Crim. Proc., ann. §38.23) exclusionary rules mandate suppression of the warrantless blood-draw evidence when at the time that the blood-draw occurred, it was mandated by the provision of Texas Transportation Code §724.012(b)(1)(A) & ( C) and was approved by applicable case law?

    **Number Four:**
Was the warrantless blood-draw conducted in accordance with the requirements of the §Texas Transportation Code 724.012(b)(1)(A) & ( C) justified on the basis of exigency and did the lower court err in failing to consider exigency as a basis to uphold the trial court's ruling?

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number ii

ARGUMENT          4-11

PRAYER          12

CERTIFICATE OF SERVICE          12

CERTIFICATE OF WORD COUNT          12

APPENDIX
    1.    Opinion of Court of Appeals

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas        Page Number iii

# INDEX OF AUTHORITIES

**PAGE**

**Federal Statute**

U.S. Const. IV amendment                                              3, 8


**Federal Case**

*Illinois v. Krull,* 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987)          10

*Maryland v. King,* ___U.S.___, 133 S.Ct. 1958, 1969-1970,
        186 L.E.d2 1 (2013)                                          8

*Missouri v. McNeely,* ––– U.S. ––––, 133 S.Ct. 1552,
        185 L.Ed.2d 696 (2013)                                       10


**State Cases**

*Beeman v. State*, 86 S.W.3d 813 (Tex. Crim. App. 2002)              10

*Ex Parte Ruthhart,* 980 S.W.2d 469 (Tex. Crim. App. 1998)           9

*Garcia v. State*, 04-14-00389 & 390-C, 25 Tex. App. Lexis 7797
        (Tex. App.—San Antonio July 29, 2015, mem. op., do not publish)     2-3, 9

*Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002)              10

*In re Cole*, PD-0077-15, 2015 Tex. Crim. App. 508
        (Tex. Crim. App. - pet. granted April 22, 2015)              8-9

*Weems v. State*, 434 S.W.3d 655 (Tex. App.-San Antonio 2014, pet. granted) 8


**Texas Statutes**

Tex. Code Crim. Proc., ann. §38.23 (Lexis 2015)                      3, 9

Texas Gov't. Code §311.016 (Lexis 2015)                              9

Texas Transportation Code §724.012 (Westlaw 2014)                    3, 7-11

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number iv

**TO THE**

**TEXAS COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS**

\* \* \*

| | | |
|---|---|---|
| **PAUL ANTHONY GARCIA,** | § | |
| **APPELLANT** | § | |
| **V.** | § | **Cause Number 04-14-00389-CR** |
| **THE STATE OF TEXAS,** | § | **Cause Number 04-14-00390-CR** |
| **APPELLEE** | § | |

\* \* \*

**PETITION FOR DISCRETIONARY REVIEW,**
**THE STATE OF TEXAS**

TO THE HONORABLE JUDGES OF SAID COURT:

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

**STATEMENT OF THE CASE**

Appellee, **Paul Anthony Garcia** (hereinafter referred to as *Appellee*), was

indicted on or about November 5, 2012 for the offense of injury to a child, alleged to

have been committed on or about September 1, 2012 in Kendall County, Texas. CR,

V. 1, p. 6.[1]  Appelle was also indicted on or about November 5, 2012 for the offense

---

[1]     As used herein, the abbreviation *CR* will refer to the Clerk's Record, and the abbreviation *RR* will refer to the reporter's record.  With respect to references to the reporter's record, a volume reference and a page reference, which will be abbreviated as a *p* or *pp*, as appropriate, will be followed immediately by a line reference, which will be abbreviated by an *l* followed by the reference
(continued...)

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                                      Page Number 1

of intoxication manslaughter with a deadly weapon, alleged to have been committed on or about September 1, 2012 in Kendall County, Texas. CR, V. 1, p. 6.[2] The Appellee filed a pre-trial motion to suppress with respect to the blood-draw taken by a Texas Department of Public Safety (hereinafter referred as *DPS*) Trooper. CR, Vol. 1, pp. 39-42 & 61-70 & 80-83 (record in 5397) and CR, Vol. 1, pp. 36-39 & 58-67 & 80-83. (record in 5398). Following a pretrial hearing on May 9, 2013, RR, Vol. 2, p. 2, the court denied Appellee's motion to suppress the blood-draw evidence. CR, Vol. 1, pp. 85-86. A jury trial was held and the Appellee was convicted of injury to a child. CR, Vol. 1, pp. 148-155; and RR, Vol. 5, p. 59, l. 7-10 and p. 59, l. 24-25 to p. 60, l. 1-6.

The Fourth Court of Appeals reversed the trial court's ruling on the pre-trial motion to suppress evidence of the blood-draw, found the admission of the blood-draw evidence at trial was erroneous and harmful error,[3] reversed the conviction and remanded the case for a new trial. *Garcia v. State*, 04-14-00389 & 390-C, 25 Tex. App. Lexis 7797 (Tex. App.—San Antonio July 29, 2015, mem. op., do not publish).

---

[1] (...continued)
to the particular lines by number.

[2] This citation is the to the appellate record the trial in cause 5398.

[3] The blood-draw test results were admitted with the Appellee renewing all of his previous objections, but without the trial court actually ruling on those objections at trial. RR, Vol. 4, p. 181, l. 4-20.

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                                    Page Number 2

## STATEMENT OF PROCEDURAL HISTORY

The Fourth Court of Appeals reversed the trial court's ruling on the pre-trial motion to suppress evidence of the blood-draw, found the admission of the blood-draw evidence at trial was erroneous and harmful error, reversed the conviction and remanded the case for a new trial. *Garcia v. State*, 04-14-00389 & 390-CR, 25 Tex. App. Lexis 7797 (Tex. App.—San Antonio July 29, 2015, mem. op., do not publish). A motion for rehearing was not filed.

## GROUNDS FOR REVIEW

**Number One:**
Is a warrantless, but mandatory, blood-draw conducted in accordance with the requirements of the Texas Transportation Code §724.012(b)(1)(A) & ( C) reasonable under the U.S. CONST., amend. IV?

**Number Two**:
Did the court of appeals err in holding that Texas Transportation Code §724.012(b)(1)(A) & ( C) did not dispense with a warrant requirement?

**Number Three:**
Does the federal or state (Tex. Code Crim. Proc., ann. §38.23) exclusionary rules mandate suppression of the warrantless blood-draw evidence when at the time that the blood-draw occurred, it was mandated by the provision of Texas Transportation Code §724.012(b)(1)(A) & ( C) and was approved by applicable case law?

**Number Four:**
Was the warrantless blood-draw conducted in accordance with the requirements of the §Texas Transportation Code 724.012(b)(1)(A) & ( C) justified on the basis of exigency and did the lower court err in failing to consider exigency as a basis to uphold the trial

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 3

court's ruling?

## STATEMENT OF FACTS

The State incorporates by reference all facts contained in its Statement of Facts of the State's Reply Brief. For purposes of this petition, the more relevant facts are that in late evening of September 1, 2012, Ricardo Carrillo (hereinafter referred to as *Carrillo*) testified that he was riding motorcycles with his friends on State Highway 46 outside of Boerne the evening of September 1, 2012 when he started to see debris in the road and dust settling from an obvious car accident. RR, Vol. 3, p. 1-23. Carillo stopped to help, and saw that one female, who later would be identified as Destiny Ann Bruce (hereinafter referred to as *Destiny*), was still in the van in the driver's seat and gasping for breath. RR, Vol. 3, p. 9-22. Carrillo assisted in removing the female passenger of the van, who would later be identified as Grace Ann Bruce (hereinafter identified as *Grace*) through a window. RR, Vol. 3, p. 272, l. 3-8.

Boerne Police Officer Lance DeLeon (hereafter referred to as *Officer DeLeon*) arrived on the accident scene at 11:55 p.m. RR, Vol. 3, p. 289, l. 4-10, and p. 290, l. 20-22. At the accident, Officer DeLeon saw a brown Chevy truck in the westbound lane of Highway 46 with a Hispanic male driver in it. RR, Vol. 3, p. 291, l. 1-4. Officer DeLeon identified that person as the Appellee, and he was alone in the truck

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 4

and behind the driver's wheel in the driver's seat. RR, Vol. 3, p. 293, l. 1-7. The Appellee was pinned in the truck and had to be extracted by emergency personnel from the truck. RR, Vol. 3, p. 297, l. 1-5 & 12-15; and RR, Vol. 4, p. 93, l. 1-19. Officer DeLeon also saw a white 4-door car a little further away and on its side. RR, Vol. 3, p. 292, l. 11-15. When Officer DeLeon looked into the car, he saw Destiny still strapped into the driver's seat and deceased. RR, Vol. 3, p. 294, l. 9 to p. 295, l. 1. Other emergency personnel arrived at the accident within a few minutes of Officer DeLeon, and Grace was taken by air ambulance from the scene to the hospital. RR, Vol. 3, p. 295, l. 12-24.

DPS Trooper Ross Rigby (hereinafter referred to as *Trooper Rigby*) assisted in the accident investigation. RR, Vol. 4, p. 96, l. 13-16. Trooper Rigby searched the Appellee's truck that night and located a marijuana bong and a pipe, and bottle of Jack Daniel's green label whiskey. RR, Vol. 4, p. 97, l. 18-21. When found in the Appellee's truck that evening, the bottle of whiskey, which was a one liter bottle, was over half-empty, but unbroken or cracked, *i.e.* none would have leaked out in the wreck. RR, Vol. 4, p. 39, l. 10-25; and, Exhibit 27.

DPS Trooper Eric Kendrick (hereinafter referred to as *Trooper Kendrick*) arrived at the accident just a few moments after Officer Deleon. RR, Vol. 4, p. 15, l.

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 5

1-18.  When Trooper Kendrick arrived at the accident scene, he saw the two vehicles involved in the crash with the white vehicle driven by Destiny on it's side in the northbound lane of Highway 46, and the truck driven by the Appellee just off to the north side of the same highway.  RR, Vol. 4, p. 16, l. 2-9, and p. 41, l. 24 to p. 42, l. 8.  Once at the scene, Trooper Kendrick was told by Officer DeLeon that Destiny was dead inside of her car.  RR, Vol. 4, p. 42, l. 3-7.  Trooper Kendrick went over to Destiny's vehicle to confirm her condition, and then saw Grace on the ground near the vehicle.  RR, Vol. 4, p. 43, l. 23 to p. 44, l. 2.  Grace appeared to have a head injury or something wrong with her eyes at that time and was airlifted from the accident scene to the hospital.  RR, Vol. 4, p. 45, l. 1-15.

After checking on Grace, Trooper Kendrick went to the Appellee's truck.  RR, Vol. 4, p. 45, l. 18-22.  The Appellee was still behind the wheel of this truck when Trooper Kendrick came to him.  RR, Vol. 4, p. 45, l. 20-22.  Since the doors of the Appellee's truck were jammed shut, Trooper Kendrick talked to the Appellee through the passenger side window of Appellee's truck.  RR, Vol. 4, p. 46, l. 1-5, and l. 7-14.  At this time, the Appellee had no visible injuries, but he did appear to be in pain or discomfort to Trooper Kendrick.  RR, Vol. 4, p. 46, l. 5-6.  Trooper Kendrick testified both at the suppression hearing and trial that the Appellee did have a broken leg or foot,

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                                    Page Number 6

and had to be cut out of his truck that evening.  RR, Vol. 2, p. 14, l. 6-9; and RR, Vol. 4, p. 36, l. 22-25.

When Trooper Kendrick talked to the Appellee that evening, the recording of which was admitted into evidence as Exhibit 4, Trooper Kendrick thought that based upon the answers given by the Appellee that the Appellee, "[A]ppeared disoriented, confused, not in a normal state of mind."  RR, Vol. 4, p. 56, l. 25 to p. 47, l. 2; and, p. 85, l. 19-20.  Kendrick saw that the Appellee had really red or bloodshot eyes.  RR, Vol. 4, p. 82, l. 8-14 & p. 83, l. 8-19.

Once the Appellee arrived at the hospital that evening, DPS Trooper Rodney Zarate (hereinafter referred to as *Trooper Zarate*) went to the hospital to met the Appellee to continue the investigation.  RR, Vol. 4, p. 52, l. 16-22; and, p. 127, l. 5-19. Trooper Zarate then read the DIC-24 form to the Appellee.  RR, Vol. 4, p. 131, l. 23 to p. 132, l. 7; and, Exhibit 8.[4]  The nurse, Amy Smith, then drew blood from the Appellee.  RR, Vol. 4, p. 135, l. 1 to p. 137, l. 22; and Exhibit 9 & 10.[5]  The blood

---

[4]     In accordance with the stipulation (RR, Vol. 4, p. 243, l. 11-19), the State is **not** arguing that the Appellee consented to the blood draw.  The precise stipulation is, "But just to make it clear, yes, in both cases the State is waiving any appellate argument that there was consent to the blood draw in both of these cases. Yes, the State is waiving.  And in exchange Mr. Goeke is giving up any request with respect to voluntariness or consent in the charge."  RR, Vol. 4, p. 243, l. 11-19.

[5]     Exhibit 10 is the DPS form THP-51 used in conjunction with blood-draws pursuant to Texas
(continued...)

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                                    Page Number 7

sample was then tested.  RR, Vol. 4, p. 181, l. 1-25, & Exhibit 11.

## **ARGUMENT**

**Point of Error Number One:**
Is a warrantless, but mandatory, blood-draw conducted in accordance with the requirements of the Texas Transportation Code §724.012(b)(1)(A) & ( C) reasonable under the U.S. CONST., amend. IV?

The pretrial evidentiary hearing on the Appellee's Motion to Suppress was limited, in relevant aspect, to the constitutionality of the Texas Transportation Code §724.012 (Westlaw 2014), RR, Vol. 2, p. 7, l. 6-17 & 24.  The accident and subsequent blood draw at issue in this case took place on **September 1-2, 2012**.  CR, p. 6, and Exhibit 11.  Under the circumstances, the warrantless blood-draw was reasonable for constitutional purposes.  The court should grant review because this is the same issue pending in *In re Cole*, PD-0077-15, 2015 Tex. Crim. App. 508 (Tex. Crim. App. - pet. granted April 22, 2015), and this important question of state and federal law that should be settled by this court, and the lower court appears to misconstrued applicable law.

In addition, as set forth in the State's Brief in *Weems v. State*, 434 S.W.3d 655 (Tex. App.-San Antonio 2014, pet. granted PD-0635-14 (Tex. Crim. App. - pet.

---

[5]     (...continued)
Transportation Code §724.012(b)(1)(A) & ( C).

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 8

granted August 20, 2014)), a balancing test approach to the Fourth Amendment is preferable in situation involving searches authorized and mandated by statute. *See*, *Maryland v. King*, ___U.S.___, 133 S.Ct. 1958, 1969-1970 186 L.E.d2 1 (2013).

**Number Two**:
Did the court of appeals err in holding that Texas Transportation Code §724.012(b)(1)(A) & ( C) did not dispense with a warrant requirement?

The court of appeals based a great deal of its opinion on the argument that Texas Transportation Code §724.012(b)(1)(A) & ( C) did not dispense with a warrant requirement. *Garcia v. State*, 04-14-00389-CR and 390-CR, 2015Tex. App. LEXIS 7797, *6 (Tex. App.- San Antonio July 29, 2015). This position is in error.

Since the language of the statute at issue use *shall*, courts have consistently held that this language imposes a duty. Texas Gov't. Code §311.016(2). Courts have interpreted this language as creating a duty or a mandate. *See*, *Ex Parte Ruthhart,* 980 S.W.2d 469, 472 (Tex. Crim. App. 1998). The court should grant review because this issue is also pending in *Weems v. State*, PD-0635-14 (Tex. Crim. App. - pet. granted August 20, 2014). This important question of state law that should be settled by this court.

**Number Three:**
Does the federal or state (Tex. Code Crim. Proc., ann. §38.23) exclusionary rules mandate suppression of the warrantless blood-draw evidence when at the time that the

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 9

blood-draw occurred, it was mandated by the provision of Texas Transportation Code §724.012(b)(1)(A) & ( C) and was approved by applicable case law?

The court should grant review because this is the same issue pending in *In re Cole*, PD-0077-15, 2015 Tex. Crim. App. 508 (Tex. Crim. App. - pet. granted April 22, 2015), and this important question of state and federal law that should be settled by this court, and the lower court appears to misconstrued applicable law.

The primary focus of the federal exclusionary rule has to deter unlawful conduct by law enforcement. *See, Illinois v. Krull*, 480 U.S. 340, 347, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987). At the time of the blood-draw in this case, the statutory scheme had been upheld and interpreted to dispense with a search warrant. *Beeman v. State*, 86 S.W.3d 813, 816 (Tex. Crim. App. 2002). Thus, neither the federal nor the state exclusionary rule would be advanced by excluding the blood-draw evidence, and the court should grant review to examine this important issue of state and federal law.

**Number Four:**
Was the warrantless blood-draw conducted in accordance with the requirements of the §Texas Transportation Code 724.012(b)(1)(A) & ( C) justified on the basis of exigency and did the lower court err in failing to consider exigency as a basis to uphold the trial court's ruling?

Exigency was not procedurally defaulted since the State was the prevailing party. *See*, *Hailey v. State*, 87 S.W.3d 118, 121-122 (Tex. Crim. App. 2002). Given the

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                    Page Number 10

factors of a fatal accident involving alcohol with two parties transported to the hospital via helicopter, and the natural dissipation of alcohol, exigency was a factor or grounds that should have been considered the court of appeals in its review of the decision of the trial court. *See generally*, *Missouri v. McNeely*, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013). The court should grant review to consider whether to reverse the decision o the court of appeals or to remand and require consideration of exigency.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State of Texas, respectfully prays that the court grant review and reverse the decision of the court of appeals, or alternatively grant review and reverse because the warrantless blood-draw was a reasonable search, or alternatively grant review and reverse because Texas Transportation Code §724.012(b)(1)(A) & ( C) did dispense with a warrant requirement, or alternatively grant review and reverse because neither the federal nor state exclusionary rules require suppression of the blood-draw evidence, or alternatively grant review and reverse because exigent circumstances to justify the blood-draw or remand to the court appeals to consider whether exigent circumstances existed, and grant the State all other relief to which it may be justly entitled.

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas                                    Page Number 11

Respectfully submitted,
E. Bruce Curry,
District Attorney for the 216th Judicial District
*/s/ Steven A. Wadsworth*

_____

By Steven A. Wadsworth
Texas State Bar Card Number 00788596
Assistant District Attorney
216th Judicial District of Texas
200 Earl Garrett Street, Suite 202
Kerrville, Texas 78028
830.896.4744 (telephone)
830.896.2620 (facsimile)
steve216@bizstx.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on the following parties by the method stated below each on August 26, 2015:

Honorable M. Patrick Maguire
Via email

*/s/ Steven A. Wadsworth*

_____

Steven A. Wadsworth,
Assistant District Attorney,
Attorney for the State of Texas

## CERTIFICATE OF WORD LENGTH

I hereby certify that the word count of the applicable portions of this document is show by the word processing program to be 1,991.

*/s/ Steven A. Wadsworth*

_____

Steven A. Wadsworth,
Assistant District Attorney

**State's Petition for Discretionary Review**,
*Paul Anthony Garcia v. State*,
Cause Number 04-14-00389 and 390-CR, In the Court of Appeals
For the Fourth Supreme Judicial District of Texas
Page Number 12

# APPENDIX

## [Garcia v. State](#)

Court of Appeals of Texas, Fourth District, San Antonio

July 29, 2015, Delivered; July 29, 2015, Filed

Nos. 04-14-00389-CR & 04-14-00390-CR

**Reporter**

2015 Tex. App. LEXIS 7797

Paul Anthony GARCIA, Appellant v. The STATE of Texas, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] From the 216th Judicial District Court, Kendall County, Texas. Trial Court Nos. 5397 & 5398. Honorable N. Keith Williams, Judge Presiding.

**Disposition:** REVERSED AND REMANDED.

## Core Terms

blood, intoxicated, alcohol concentration, warrantless, suppression motion, trial court's error, bodily injury, legal limit, trial court, alcohol, grams, beyond a reasonable doubt, blood alcohol content, good faith, Transportation, driver, scene

## Case Summary

### Overview

HOLDINGS: [1]-Where defendant was convicted of reckless bodily injury to a child and intoxication manslaughter, the trial court erred by denying his motion to suppress because the warrantless blood draw could not be justified pursuant *Tex. Transp. Code Ann. § 724.012(b)* (2011); [2]-The good faith exception to the exclusionary rule did not apply; [3]-A police officer does not act in good faith when he fails to obtain a warrant based on *Tex. Transp. Code Ann. § 724.012(b)*, which does not dispense with the warrant requirement; [4]-The erroneous admission of evidence from the blood draw was not harmless under *Tex. R. App. P. 44.2(a)*, given the State's references to defendant's blood alcohol content, the evidence from the

toxicologist, and the definition of "intoxicated" in the jury charge.

### Outcome

Reversed and remanded.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Driving Under the Influence > Blood Alcohol & Field Sobriety Testing > Procedures

**HN1** *Tex. Transp. Code Ann. § 724.012(b)(1)(A)-(C)* ( 2011) provides that a peace officer shall require a blood or breath specimen if a driver is arrested for driving while intoxicated after having been involved in an accident and as a result of the accident, another individual has died or will die, has suffered serious bodily injury, or has suffered bodily injury and been transported to a hospital or other medical facility for treatment.

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Warrants

Criminal Law & Procedure > ... > Driving Under the Influence > Blood Alcohol & Field Sobriety Testing > General Overview

**HN2** A blood draw pursuant to *Tex. Transp. Code Ann. § 724.012(b)* is not a valid exception to the Fourth Amendment's warrant requirement.

Criminal Law & Procedure > ... > Driving Under the Influence > Blood Alcohol & Field Sobriety Testing > General Overview

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Exclusionary Rule

Constitutional Law > ... > Fundamental Rights > Search & Seizure > Warrants

Criminal Law & Procedure > ... > Exclusionary Rule > Exceptions to Exclusionary Rule > Good Faith

**HN3** Although the federal exclusionary rule usually precludes the use of evidence obtained in violation of the Fourth Amendment, if law enforcement personnel rely in good faith on a statute authorizing a warrantless search, and the statute in question is later found to be unconstitutional, the evidence seized need not be excluded. However, _Tex. Transp. Code Ann. § 724.012(b)_ - the mandatory blood draw statute - does not provide for a warrantless search. Although _§ 724.012(b)_ states an officer shall take a blood draw if an individual suffered serious bodily injury as a result of the DWI, it does not mandate that he do so without a warrant. Accordingly, a police officer does not act in good faith when he fails to obtain a warrant based on _§ 724.012(b)_, which does not dispense with the warrant requirement.

> Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > Evidence

> Criminal Law & Procedure > ... > Standards of Review > Harmless & Invited Error > Harmless Error

> Evidence > Admissibility > Procedural Matters > Rulings on Evidence

**HN4** Where the trial court's error is one of constitutional magnitude, the appellate court must reverse the judgment unless it determines beyond a reasonable doubt the trial court's error did not contribute to the conviction. _Tex. R. App. P. 44.2(a)_. The harm analysis for erroneous admission of evidence obtained in violation of Fourth Amendment is _Rule 44.2(a)_'s constitutional standard. Thus, the appellate court must reverse a conviction unless it concludes beyond a reasonable doubt the trial court's error did not contribute to his conviction. In doing so, the appellate court considers: (1) the nature of the error; (2) the extent it was emphasized by the State; (3) the probable implications of the error; and (4) the weight the jury likely assigned to it during deliberations. These factors are not exclusive and other factors may be relevant to the analysis. An analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination, whether beyond a reasonable doubt that particular error did not contribute to the conviction or punishment. _Tex. R. App. P. 44.2(a)_.

**Counsel:** For APPELLANT: M. Patrick Maguire, M. Patrick Maguire, P.C., Kerrville, TX.

For APPELLEE: Steven A. Wadsworth, Assistant District Attorney, Kerrville, TX.

**Judges:** Opinion by: Marialyn Barnard, Justice. Sitting: Marialyn Barnard, Justice, Patricia O. Alvarez, Justice, Jason Pulliam, Justice.

**Opinion by:** Marialyn Barnard

# Opinion

### MEMORANDUM OPINION

A jury convicted appellant Paul Anthony Garcia of reckless bodily injury to a child and intoxication manslaughter. As to both offenses, the jury made affirmative findings that Garcia used a deadly weapon - a vehicle. Based on the jury's recommendations as to punishment, the trial court imposed a sentence of ten years' confinement, probated, for the reckless bodily injury to a child offense, and a sentence of fifteen years' confinement for the intoxication manslaughter offense. On appeal, Garcia contends the trial court erred in: (1) denying his motion to suppress; (2) admitting certain medical records into evidence; and (3) denying his motion for mistrial based on the State's alleged improper jury argument. We agree **[\*2]** the trial court erred in denying Garcia's motion to suppress, and we reverse and remand for a new trial.

### Background

The record shows that a head-on collision occurred in Kendall County. Shortly thereafter, Boerne police officer Lance DeLeon arrived at the scene of the accident. Two cars were involved in the accident, a brown pickup truck and white four-door car. Officer DeLeon testified a Hispanic male, later identified as Garcia, was in the driver's seat of the pickup truck. According to the officer, Garcia was conscious, but confused and incoherent. After asking a bystander to keep an eye on Garcia, Officer DeLeon went to check on a child, subsequently identified as G.B., lying in a ditch near the white car. According to one of the first bystanders on the scene, Ricardo Carrillo, he and his friends had removed G.B. from the vehicle. The officer then approached the white car, which was on its side. When Officer DeLeon looked into the car, he saw the driver, D.B., strapped into the driver's seat. The officer testified she was deceased.

Thereafter, other emergency personnel arrived at the scene, including Texas Department of Public Safety

Trooper Eric Kendrick. G.B. was airlifted to the **[\*3]** hospital. Garcia, who was pinned in his truck, was removed and also airlifted to the hospital. Trooper Kendrick stated he spoke to Garcia before he was taken to the hospital and Garcia appeared disoriented, lacking "normal use of his mental faculties." Trooper Kendrick testified that initially, he did not suspect Garcia was intoxicated. The trooper stated he was questioning Garcia as part of the "crash investigation." Trooper Kendrick testified that during the course of the investigation, he discovered evidence that led him to believe Garcia was intoxicated at the time of the accident, including: (1) 911 calls advising of a wrong way driver in the area; (2) the open container of liquor found in Garcia's vehicle; (3) the marijuana pipe found in Garcia's vehicle; (4) Garcia's red, bloodshot eyes; (5) Garcia's apparent loss of his normal faculties; and (6) Garcia's inability to answer questions at the scene.

As a result of his investigation, Trooper Kendrick, who was still at the scene, contacted DPS San Antonio Communications and asked that a trooper be sent to the hospital to perform a mandatory blood draw on Garcia pursuant to *section 724.012 of the Texas Transportation Code*.[1] The blood draw was taken under the supervision of Trooper **[\*4]** Rodney P. Zarate. Admittedly, neither Trooper Kendrick, Trooper Zarate, nor any other law enforcement officer obtained a warrant prior to mandating the blood draw. Trooper Kendrick admitted there was nothing that would have prevented him from obtaining a search warrant. Rather, at the time, a warrantless blood draw was part of DPS protocol.

The result of the blood draw showed Garcia's blood alcohol level to be 0.187 grams per hundred milliliters of whole blood. The legal limit in Texas is 0.08 grams per hundred milliliters of whole blood, so **[\*5]** Garcia's sample was more than twice the legal limit. Garcia was ultimately arrested and charged with reckless bodily injury to a child and intoxication manslaughter.

Garcia filed a pretrial motion to suppress the results of the blood draw. At the suppression hearing, Garcia argued, among other things, that the warrantless blood draw was improper under the Supreme Court's recent

decision in *Missouri v. McNeely, U.S. , 133 S.Ct. 1552, 1560-63, 185 L. Ed. 2d 696 (2013)* in which the Court held a categorical or per se rule permitting warrantless blood draws violates the *Fourth Amendment*. The trial court denied Garcia's motion to suppress and the case proceeded to trial. At trial, the results of the blood draw were admitted into evidence. Garcia was ultimately convicted and thereafter perfected this appeal.

## Analysis

As set forth above, Garcia raises several issues challenging his conviction. However, because we find Garcia's first issue - the one challenging the trial court's denial of his motion to suppress - dispositive, we need not address any of the remaining issues. Accordingly, we proceed with our analysis of Garcia's first issue.

As noted in our recent decision in *Huff v. State*, this court has analyzed *McNeely* on several occasions and held **HN2** *section 724.012(b)* is not a valid exception to the *Fourth Amendment's* warrant **[\*6]** requirement. *No. 04-13-00891-CV, 2015 Tex. App. LEXIS 3401, 2015 WL 1731236, at \*14 (Tex. App.-San Antonio Apr. 8, 2015, pet. filed)* (citing *Aviles v. State, 443 S.W.3d 291, 294 (Tex. App.-San Antonio 2014, pet. filed)*; *McNeil v. State, 443 S.W.3d 295, 300 (Tex. App.-San Antonio 2014, pet. filed)*; *Weems v. State, 434 S.W.3d 655, 665 (Tex. App.-San Antonio 2014, pet. granted)*). The Texas Court of Criminal Appeals rendered a similar decision in *Villarreal v. State, No. PD-0306-14, 2014 Tex. Crim. App. LEXIS 1898, 2014 WL 6734178, at \*9-\*10 (Tex. Crim. App. Nov. 26, 2014, reh'g granted)*.

Recognizing the precedent from the Court of Criminal appeals and this court, the State apparently concedes the warrantless blood draw cannot be justified pursuant to the provisions of *section 724.012(b) of the Texas Transportation Code*. We agree. However, the State argues that even if the blood draw was impermissible under *section 724.012(b)*, the blood evidence was properly admitted under the good faith exception to the exclusionary rule. We recently addressed this issue in

---

[1] Based on the underlying facts, it appears Trooper Kendrick was relying upon section 724.012(b)(1)(A)-(C). *See***HN1** Tex. Transp. Code Ann. § 724.012(b)(1)(A)-(C) (West 2011). This provision provides that a peace officer shall require a blood or breath specimen if a driver is arrested for driving while intoxicated after having been involved in an accident and as a result of the accident, another individual has died or will die, has suffered serious bodily injury, or has suffered bodily injury and been transported to a hospital or other medical facility for treatment. *Id.* It is undisputed that D.B. died as a result of the accident and G.B. suffered injury and was transported to a hospital for treatment.

*Huff*, a case involving a fatality accident just as in this case, and held the good faith exception was inapplicable. *2015 Tex. App. LEXIS 3401, 2015 WL 1731236, at \*16*.

As we recognized in *Huff*, **HN3** although the federal exclusionary rule usually precludes the use of evidence obtained in violation of the *Fourth Amendment*, "if law enforcement personnel rely in good faith on a statute authorizing a warrantless search, and the statute in question is later found to be unconstitutional, the evidence seized need not be excluded." *Id.* (citing *Illinois v. Krull, 480 U.S. 340, 347, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987))*. However, we observed that *section 724.012(b)* - the mandatory blood draw statute - does not provide for a warrantless search. *Id.* (citing *Tex. Transp. Code* [\*7] *Ann. § 724.012(b)*). "Although the statute states an officer shall take a blood draw if an individual suffered serious bodily injury as a result of the DWI, it does not *mandate* that he do so without a warrant." *Id.* Accordingly, in *Huff*, we held we could not say the police officer acted in good faith when he failed to obtain a warrant based on *section 724.012(b)*, which does not dispense with the warrant requirement. *Id.*(citing *Tex. Transp. Code Ann. § 724.012(b)(1)(B)*; *McNeil, 443 S.W.3d at 303*).

The same is true in this case. Trooper Kendrick admittedly relied upon *section 724.012(b)(1)(A)-(C)*when he requested that another trooper mandate a blood draw from Garcia without first obtaining a warrant. Just as the officer in *Huff* could not in good faith rely on Transportation Code when he obtained the blood draw from Huff in the absence of a warrant, Trooper Kendrick could not rely upon it when he mandated a warrantless blood draw from Garcia. *See id.* Accordingly, we hold the good faith exception is inapplicable.

The State further contends that even if the trial court erred in denying the motion to suppress and admitting the results of the blood test, Garcia was not harmed. **HN4** Because the trial court's error is one of constitutional magnitude, we must reverse the judgment unless we determine [\*8] beyond a reasonable doubt the trial court's error did not contribute to the conviction. *Tex. R. App. P. 44.2(a)*; *see Hernandez v. State, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001)* (holding harm analysis for erroneous admission of evidence obtained in violation of *Fourth Amendment* is *Rule 44.2(a)*'s constitutional standard). Thus, we must reverse Garcia's conviction unless we conclude beyond a reasonable doubt the trial court's error did not contribute to his conviction, and in doing so, we consider: (1) the nature of the error; (2) the extent it was emphasized by the State; (3) the

probable implications of the error; and (4) the weight the jury likely assigned to it during deliberations. *Snowden v. State, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011)*. These factors are not exclusive and other factors may be relevant to the analysis. *Id.* "At bottom, an analysis for whether a particular constitutional error is harmless should take into account any and every circumstance apparent in the record that logically informs an appellate determination whether 'beyond a reasonable doubt [that particular error] did not contribute to the conviction or punishment.'" *Id.*(quoting *Tex. R. App. P. 44.2(a)*).

In *Weems v. State*, we held the trial court's error in denying Weems's motion to suppress was harmful where the jury was instructed regarding the definition of intoxication, [\*9] which included "having an alcohol concentration of 0.08 or more," and there was testimony from a toxicologist that at the time of the blood draw Weems's blood alcohol concentration was 0.18, making it likely that his blood alcohol concentration was 0.24 at the time of the accident. *434 S.W.3d at 667*.

Thereafter, in *Huff*, we also held the trial court's erroneous decision denying a motion to suppress was harmful where the State, during voir dire, referenced the Texas blood alcohol limit of 0.08 grams per deciliter, a toxicologist testified Huff's blood sample showed a blood alcohol concentration of 0.17 grams per deciliter - more than twice the legal limit, the toxicology report was admitted into evidence, the State referenced Huff's blood alcohol content during closing argument - noting it was two times the legal limit, and the jury was instructed about the definition of "intoxicated," which included "having an alcohol concentration of .08 or more." *2015 Tex. App. LEXIS 3401, 2015 WL 1731236, at \*17-\*18*.

Here, as in *Huff*, the prosecutor referenced the Texas blood alcohol limit of 0.08, stating that if a person has a blood alcohol concentration of 0.08 or more, he is intoxicated. *See 2015 Tex. App. LEXIS 3401, [WL] at \*17*. The prosecutor also discussed with the venire "alcohol concentration," [\*10] with regard to breath, blood, and urine. After jury selection, during his opening statement, the prosecutor again referenced the 0.08 limit, advising the jury it was one way for the State to prove intoxication. The State called James Burris, a forensic toxicologist, as a witness. Mr. Burris described in detail the procedure used for blood alcohol analysis

and specifically stated the standard against which a sample is tested is 0.08. As to Garcia, Mr. Burris testified his testing showed Garcia's blood alcohol content was 0.187 grams per hundred milliliters of whole blood, and therefore, Garcia's blood alcohol content was more than twice the legal limit of 0.08 grams per hundred milliliters of whole blood. The State also introduced, and the trial court admitted into evidence over objection, State's Exhibit 11, a copy of Mr. Burris's report, showing the test results of Garcia's alcohol level - 0.0187. And, just as in *Huff*, the prosecutor noted Garcia's blood alcohol content during closing argument, asking the jurors to "[k]eep in mind that the definition of intoxication includes . . . the .08 - and you heard that [Garcia's] blood alcohol level was .187, more than two times the legal limit." **[\*11]** *See id.* Finally, the jury was instructed as to the definition of "intoxicated," just as they were in *Huff*, which included "having an alcohol concentration of 0.08 or more." *See id.*

Based on our prior decisions in *Weems* and *Huff,* as well as the State's references to Garcia's blood alcohol content, the evidence from the toxicologist presented by the State, as well as the definition of "intoxicated" in the charge, we cannot say beyond a reasonable doubt that the trial court's error in denying Garcia's motion to

suppress did not contribute to his conviction. *See Tex. R. App. P. 44.2(a)*; *Huff, 2015 Tex. App. LEXIS 3401, 2015 WL 1731236, at \*17-\*18*; *Weems, 434 S.W.3d at 667*. We therefore sustain Garcia's first issue and hold the trial court's error entitles Garcia to a new trial. Based on our holding with regard to Garcia's first issue, we need not address Garcia's remaining issues.

**Conclusion**

Based on the foregoing, we sustain Garcia's challenge to the trial court's denial of his motion to suppress and hold the trial court's ruling constitutes reversible error, entitling Garcia to a new trial. Accordingly, because the warrantless blood draw violated Garcia's rights under the *Fourth Amendment*, and we cannot say beyond a reasonable doubt that the erroneous admission of the blood draw results did not **[\*12]** contribute to his conviction, we reverse the trial court's judgment and remand this matter to the trial court for a new trial.

Marialyn Barnard, Justice

Do Not Publish